```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
THE NEW YORK CITY DISTRICT COUNCIL                           :
OF CARPENTERS,                                               :
                                                             :          14-CV-4104 (JPO)
                                              Plaintiff,     :
                                                             :
                           -v-                               :
                                                             :          OPINION AND ORDER
ONEIDAVIEW PILE DRIVING INC.,                                :
                                                             :
                                              Defendant.     :
------------------------------------------------------------ X
```

J. PAUL OETKEN, District Judge:

      Plaintiff, the New York City District Council of Carpenters ("the Union"), brings this action under § 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185, and § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, seeking confirmation of an arbitration award against Defendant, Oneidaview Pile Driving ("Oneidaview"). Oneidaview has not appeared in the action, and the Union moved for default judgment. For the reasons that follow, the Union's motion is granted in part.

**I.    Background**

      The Union and Oneidaview, a heavy construction company, are parties to a collective bargaining agreement. (Dkt. No. 12, ("CBA").) The CBA imposes conditions on Oneidaview's employment of Union members, including with regard to hours and wages. (CBA at 22–25.) The Union alleges that Oneidaview violated the CBA by failing to employ Union members for a construction project in July and August 2012 in Rockland County, New York.[1] The Union seeks recoupment of unpaid wages and fringe benefits with regard to these employees.

---

[1] Both the complaint (Dkt. No. 2, at 2) and the arbitrator's award (*id.* Ex. A at 2) state that the jobsite was in Orange County, New York, which lies outside the CBA's jurisdiction (*see* CBA at 11.) This, however, appears to be an error. The original grievance documents, a copy of which

In accordance with the CBA's arbitration clause (*id.* at 15–16), the parties' dispute was submitted for arbitration to Roger Maher. Oneidaview failed to appear at the arbitration. In an award dated May 1, 2014, the arbitrator concluded that Oneidaview was in breach of its obligations under the CBA. (Dkt. No. 2, Ex. A ("Award") at 2.) The arbitrator directed Oneidaview to pay the claimed unpaid wages and benefits, half of the arbitrator's fee, and $2,500 in attorney's fees "[i]n the event . . . the Union is required to enforce the terms of [the] award in court." (*Id.* at 2–3.)

The Union filed a complaint in this action on June 6, 2014. (Dkt. No. 2.) Oneidaview failed to file an answer or otherwise respond to the complaint, and the Union filed a timely motion for default judgment on September 4, 2014. (Dkt. No. 6.) The Union seeks confirmation of the arbitration award and judgment in its favor in the amount of $35,216.40, which includes the aforementioned attorney's fees. (*See* Dkt. No. 7, ("Bauman Decl.") ¶ 23.) [2]

**II.   Discussion**

Default judgments in proceedings to confirm an arbitration award are "generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Rather, courts should treat a petition to confirm an arbitration award, along with the accompanying record— including the agreement to arbitrate and the award itself—as "akin to a motion for summary judgment." *Id.* A non-moving party's failure to appear does not relieve the court of the obligation to assess the merits of the motion and determine whether the movant is entitled to judgment as a matter of law. *Id.* at 109–10; *see also Trs. of N.Y.C. Dist. Council of Carpenters*

---

counsel for the Union submitted to the Court, indicate that the site of the project was in fact Rockland County—which is within the CBA's territorial jurisdiction. (*See* CBA at 11.)

[2] Counsel for the Union initially sought an additional $785.00 in attorney's fees and costs (*see* Bauman Decl. ¶ 23), but later withdrew that request (*see* Dkt. No. 10).

*Pension Fund v. TNT Contracting & Consulting*, No. 12-CV-0008 (ALC), 2012 WL 548816, at *1 (S.D.N.Y. Feb. 17, 2012).

At the same time, "[t]he court's function in confirming or vacating an arbitration award is severely limited." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal quotation marks omitted). The court must confirm an arbitration award "[i]f there is even a barely colorable justification for the outcome reached." *Id.* at 13 (internal quotation marks omitted). And "[t]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus.*, No. 11-CV-8425 (JMF), 2012 WL 2958265, at *2 (S.D.N.Y. July 20, 2012) (internal quotation marks omitted). Such an award warrants confirmation as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998) (internal quotation marks omitted).

The Court concludes that there is no genuine issue of material fact as to the Union's entitlement to the unpaid wages and fringe benefits and the arbitrator's fee. The arbitration proceeded in accordance with the CBA's arbitration clause, and the arbitrator appears to have based his calculation of the damages on the CBA's terms. There is no indication that the award exhibits "manifest disregard of the law" or that any of the vacatur grounds in the FAA apply. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).

As to the attorney's fees, however, the Court vacates the award. As noted above, the arbitrator made a prospective award of $2,500 to the Union in the event it was required to enforce the award in court. But the CBA's arbitration clause does not empower the arbitrator to

confer attorney's fees on the Union in these or other circumstances; it merely states that both parties shall bear "[t]he costs of arbitration" equally. (CBA at 16.) That language is insufficient to ground an attorney's fees award. *Porzig v. Dresdner, Kleinwort, Benson, N. Am., LLC,* 497 F.3d 133, 140 (2d Cir. 2007) ("Where the arbitrator goes beyond that self-limiting agreement between consenting parties, it acts inherently without power, and an award ordered under such circumstances must be vacated."); *see also Gen-Cap*, 2012 WL 2958265, at *5 (vacating attorney's fees award in near-identical circumstances); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co.*, No. 07-CV-2583 (WHP), 2007 WL 3407065, at *2 (S.D.N.Y. Nov. 14, 2007) (same).

Still, the Court concludes—as the courts in *Gen-Cap* and *Brookside Contracting* did—that an award of attorney's fees is nevertheless appropriate. *Gen-Cap*, 2012 WL 2958265, at *5; *Brookside Contracting*, 2007 WL 3407065, at *2. "A court may, in the exercise of its inherent equitable powers, award attorney's fees when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification. . . . Failure to appear at arbitration or the confirmation hearing may result in a grant of attorneys' fees on equitable grounds." *Brookside Contracting*, at *2 (alterations, citation, and internal quotation marks omitted). Oneidaview has been absent, without any justification, from both the arbitration and this confirmation action. This absence merits an attorney's fees award in the Union's favor. Having reviewed the documents submitted by counsel for the Union, the Court concludes that $785.00—the amount it previously sought in connection with this case (*see* Bauman Decl., Ex. F)—is reasonable.

### III.     Conclusion

For the foregoing reasons, the Union's motion for default judgment is GRANTED and the arbitration award is hereby CONFIRMED in part and VACATED in part. The Court hereby directs entry of judgment in favor of Plaintiff and against Defendant in the amount of $32,216.40 in unpaid wages and fringe benefits, $500 in arbitrator's fees, and $785 in attorney's fees, for a total of $33,501.40.

The Clerk of Court is directed to close the motion at docket number 6 and to close this case.

SO ORDERED.

Dated: February 2, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge